UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                          Case No. 20-cr-20144
                                                            Honorable Linda V. Parker
D-2 EDUARDO ABELLANA, M.D.,

      Defendant.

_____/

## ORDER GRANTING GOVERNMENT'S MOTION TO CONTINUE TRIAL DATE AND FIND EXCLUDABLE DELAY (ECF NO. 61)

The matter presently before the Court is on the Government's Motion to Continue Trial and Find Excludable Delay. (ECF No. 61.)  The government maintains that given the unique circumstances of this case, an adjournment is appropriate.  Specifically, because the Speedy Trial Act clock has not yet started to toll, the continuance would satisfy the Act. The Court agrees that this is certainly a unique situation as this trial date has been adjourned numerous times since the original indictment.  However, at each time, the Court found excludable delay; this time is no different. For the reasons that follow, the Court is granting the government's motion.

Due to the COVID-19 pandemic, the Court adjourned the trial indefinitely as to the original Defendant, Auday Maki, finding excludable delay.  (ECF No. 17.)

On September 9, 2021, while the adjournment was still in place, the government filed a Superseding Indictment against Defendant Eduardo Abellana. (ECF No. 22.)  After Mr. Maki was arraigned on the Superseding Indictment charges on September 21, 2021, *see* ECF No. 25, 26, on October 7, 2021, the Court entered a stipulated order between the government and Mr. Maki setting trial for March 29, 2022, concluding that the "time period from October 1, 2021, to March 29, 2022, shall constitute as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)" (ECF No. 28 at Pg ID 111.)  Because Mr. Abellana was arraigned on October 7, 2021, he was not named in this Court's order on that date.

On March 4, 2022, the Court entered a stipulated order adjourning the trial to June 28, 2022, finding that "the time period from March 29, 2022, to June 28, 2022, shall constitute as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)." (ECF No. 38 at Pg ID 142.)  Although Mr. Abellana was not listed on this particular order, the Court named Mr. Maki, his co-defendant.  On May 19, 2022, the Court entered a stipulated order between the government, Mr. Maki, and now, Mr. Abellana, finding that "the time from June 28, 2022, to November 29, 2022, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)."  (ECF No.41 at Pg ID 158.)  On November 2, 2022, the Court entered a subsequent stipulated order between the parties, which also included Mr. Abellana, adjourning trial and finding that "the time from November 29, 2022, to

January 25, 2023, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)." (ECF No. 45 at Pg ID 170.) Finally, on January 19, 2023, the parties, which again included Mr. Abellana, stipulated to the Court entering an order adjourning trial, finding that "the time from January 25, 2023, to May 16, 2023, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)." (ECF No. 56 at Pg ID 321.)

The Supreme Court gives trial courts "broad discretion . . . on matters of continuances." *See Morris v. Slappy*, 461 U.S. 1, 11 (1983). When finding that the ends of justice is served by granting a continuance under the Speedy Trial Act, courts must provide "on-the-record findings that the ends of justice . . . outweigh the public's and defendant's interests in a speedy trial." *Zedner v. United States*, 547 U.S. 489, 498-99 (2006). "The requirement of a specific rationale does not mean that the district court must give its reasons contemporaneously with the granting of the continuance." *United States v. Thomas*, 272 F. App'x 479, 483 (6th Cir. 2008).

As an initial matter, the Court will briefly address the Government's Motion for Clarification. (ECF No. 50.) In cases involving multiple co-defendants "and no severance has been granted, one speedy trial clock governs." *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002) (citing 18 U.S.C. § 3161(h)(7)). Thus, once the court finds excludable delay as to a single defendant, it is "ascribed to that

of all of his codefendants. *Id.* (citing *United States v. Culpepper,* 898 F.2d 65, 66–67 (6th Cir. 1990); *see also United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009) (clarifying that "the general rule that the excludable delay of one codefendant is excludable delay for all codefendants, applies equally to *earlier and later arraigned* codefendants.") (emphasis added). Mr. Abellana was arraigned in the Superseding Indictment on the same day that the Speedy Trial Act was tolled by this Court's order. (ECF No. 28.) Once he became a co-defendant along with Mr. Maki, Mr. Abellana became subjected to the existing excludable delay already found in this matter for purposes of the Speedy Trial Act.

Regarding the present motion, Mr. Abellana does not dispute the Speedy Trial clock calculation or that he is subject to it.[1] (ECF No. 67 at Pg ID 462.) Even if he did object, once Mr. Abellana stipulated to the three most recent adjournments, for whatever reason, he waived any challenges to the Speedy Trial Act computation. *See United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000) (citing *United States v. Monroe,* 833 F.2d 95, 99 (6th Cir.1987)) (noting that the court in *Monroe* concluded "that a defendant could not object to the exclusion of a period of time from the Speedy Trial Act computation when defendant's counsel specifically consented to the exclusion of this time in the interest of justice and

---

[1] The government notes that Mr. Abellana declined to file a response to its Motion for Clarification. (ECF No. 50.)

4

thereby waived any objections thereto.") (internal quotations omitted).  Given the successive adjournments in this case, the Speedy Trial has not yet started to run.

In response to the government's motion before the Court, Mr. Abellana only argues that "there is no reasonable basis" for granting a continuance because "[t]he government's failure to exercise due diligence in the investigation and prosecution of this matter is not a basis to find excludable delay."  (ECF No. 63 at Pg ID 432.) The Court does acknowledge Mr. Abellana's frustration due to the delays by the government in discovering that there were still cell phones that needed to be imaged, reviewed for privilege, and produced to Defendants in this case and the related matter.  However, the Court disagrees that this amounts to a lack of due diligence on the government's behalf based on the reasons articulated in its motion: the government has made good faith efforts to move this forward.  Again, these are special circumstances, and the parties must be flexible to make certain that the ends of justice[2] are achieved.

_____

[2] The Court notes that although Mr. Abellana discusses the government's duty to disclose information under *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963), at the pretrial conference, he also conceded that the cell phone information in which the government is presently working to produce may have *Brady* material contained therein.  As a matter of ethical responsibility for Mr. Abellana's Counsel and to provide Mr. Abellana with a robust defense, it also serves the ends of justice to ensure that all evidence in the government's possession that may be helpful to Mr. Abellana be turned over and presented at trial.

The Court has considered both the government's Motion to Adjourn the Trial Date and Mr. Abellana's Counsel's request to adjourn the trial to a date other than July 3, 2023, due to a scheduling conflict.  As such, the trial will be adjourned to **August 22, 2023** at **9:30 a.m**.  The Court finds that the time period from October 7, 2021, to August 22, 2023, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C.

§ 3161(h)(7).  The ends of justice are served by granting this continuance in that Counsel for the government and the Defendant need adequate time to review the subject discovery materials in order to fulfill their respective obligations under applicable law.

Accordingly,

**IT IS ORDERED** that the Government's Motion to Continue Trial Date and Find Excludable Delay (ECF No. 61) is **GRANTED.**

**IT IS FUTHER ORDERED** that the time from October 7, 2021, through August 22, 2023, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) as to defendant Eduardo Abellana, because the Court finds that the ends of justice was served by the granting of the continuances, for reasons that outweighed the best interests of the public and both defendants in a speedy trial. Trial is therefore scheduled for approximately 90 days from the previously scheduled trial date to August 22, 2023.

**IT IS FURTHER ORDERED** that the Government's Motion for Clarification (ECF No. 50) is now **MOOT**.

**IT IS FURTHER ORDERED** that the final pretrial conference will take place on **July 27, 2023** at **2:00 p.m.**

**SO ORDERED.**

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: May 8, 2023