UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                    Criminal Case No. 20-cr-20144

v.                                Honorable Linda V. Parker

D-2 EDUARDO ABELLANA, M.D.

      Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS (ECF NOS. 76, 78)

These matters are before the Court on Defendant Eduardo Abellana's ("Defendant") motions to dismiss the five-count Second Superseding Indictment. (ECF No. 72.)  Defendant argues for dismissal of Counts I-IV based on violations of his right to a speedy trial under both the Sixth Amendment of the United States Constitution and the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*  (ECF No. 78.)  He argues for dismissal of Count V based on vindictive prosecution.  (ECF No. 76.)

The motions have been fully briefed.  (ECF Nos. 76-78, 80, 82, 84-85.)  Finding the facts and legal arguments adequately presented in the parties' filings, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  *See* Local Crim. Rule 12.1(a) ("Motions in criminal

cases shall be filed in accordance with the procedures set forth in LR 7.1.").  For the following reasons, Defendant's motions are denied.

## I.    LEGAL STANDARD

Motions to dismiss criminal cases are governed by Rule 12 of the Federal Rules of Criminal Procedure.  Rule 12 states that a defendant may move to dismiss an indictment alleging "a violation of the constitutional right to a speedy trial" and "selective or vindictive prosecution."  Fed. R. Crim. P. 12(b)(3)(A)(iii)-(iv).  "A motion to dismiss is limited to the four corners of the indictment and [] the allegations are assumed to be true and viewed in the light most favorable to the Government."  *United States v. Nwoke*, No. 18-20686, 2020 WL 674345, at *2 (E.D. Mich. Feb. 11, 2020) (alteration added) (citation omitted); *see also United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) (stating that a trial court does not evaluate the evidence upon which the indictment is based in ruling on a motion to dismiss).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On September 9, 2021, Defendant, a licensed physician, and Auday Maki ("Maki"), a registered pharmacist, were indicted in a four-count superseding indictment with one count of conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349 and three counts of health care fraud in violation of 18 U.S.C. §§ 1347 and 2.  (ECF No. 22.)

2

The superseding indictment alleged that Defendant wrote prescriptions without examining patients and without notifying them that he was prescribing the medications.  (*Id.* ¶ 32.)  It further alleged that Defendant would have these prescriptions filled at City Drugs Pharmacy ("City Drugs"), a pharmacy partially owned by Maki.  (*Id.* ¶ 33.)  Maki and a co-conspirator, identified as Individual A, allegedly, would then file claims with Medicare, Medicaid, and others for the prescriptions written by Defendant, even though they were unnecessary, and City Drugs lacked inventory to dispense the medications.  (*Id*. ¶ 34.)

The Court has addressed much of this matter's procedural history, as it relates to the Speedy Trial Act, in its Opinion and Order Granting the Government's Motion to Continue Trial Date and Find Excludable Delay.  (*See* ECF No. 70.)  To summarize, Maki was solely indicted on March 10, 2020, with three counts of health care fraud in violation of 18 U.S.C. §§ 1347 and 2.  (ECF No. 1.)  That same day, the Governor of the State of Michigan declared a State of Emergency due to an outbreak of COVID-19.  (*See* E.D. Mich. Administrative Order 20-AO-021).  As a result, "[a]ll civil and criminal matters scheduled for in-court appearance[s] before any district or magistrate judge in the Eastern District of Michigan [were] postponed pending further order of the Court."  (*Id.* (alterations added).)

On September 9, 2021, the Government filed the superseding indictment against Defendant and Maki.  (ECF No. 22.)  On March 4, 2022, the Court entered a scheduling order setting this matter for trial on June 28, 2022.  (ECF No. 39.)  Two stipulations and orders were jointly filed by the parties to extend deadlines based on COVID-19 concerns.  (*See* ECF Nos. 41, 45.)  These stipulations delayed the expected trial date from June 28, 2022, to January 25, 2023.  (*Id.*)

On January 10, 2023, Maki pled guilty pursuant to a Rule 11 plea agreement.  (ECF No. 53.)  On January 19, 2023, the parties filed a third stipulation and order, advising that plea negotiations are ongoing, and a trial may not be necessary.  (*See* ECF No. 56.)  The trial was rescheduled to May 16, 2023.  (*Id.*)

On April 25, 2023, the Court conducted a final pretrial conference where the Government advised that plea negotiations have failed and issues with electronic discovery, namely the imaging of cell phones, might further delay the trial.  (*See* ECF No. 62.)  On April 26, 2023, the Government filed a motion to continue the trial date to July 3, 2023, and to find excludable delay.  (ECF No. 61.)  Defendant opposed the motion, argung that "there is no reasonable basis" for granting a continuance because "[t]he government's failure to exercise due diligence in the investigation and prosecution of this matter is not a basis to find excludable delay."  (ECF No. 63 at PageID. 432.)

The Court granted the Government's motion.  (ECF No. 70.)  In granting the motion to continue, and addressing speedy-trial concerns, the Court held: (1) once Defendant was indicted as a co-defendant with Maki, he became subjected to the existing excludable delay already found for purposes of the Speedy Trial Act; (2) given the successive adjournments, the Speedy Trial clock has yet to run; and (3) delays by the Government in discovering that there were still cell phones that needed to be imaged, reviewed for privilege, and produced to Defendants did not amount to a lack of diligence.  (*Id.* at PageID. 521-22.)  The Court scheduled this matter for trial on August 22, 2023, as counsel for Defendant advised that a conflict prevented this matter from being scheduled in July.  (*Id.* at PageID. 523.)

On June 13, 2023, citing new evidence from Maki's guilty plea and interviews with Defendant's colleague, the Government filed the Second Superseding Indictment which: (1) removed Maki as a co-defendant; (2) identified Individual A as Hassan Abdallah; and (3) added Count V – conspiracy to defraud the United States and Receive Kickbacks in violation of 18 U.S.C. § 371.  (ECF No. 72.)  The previous four counts remained intact.

On August 9, 2023, the parties filed a fourth joint stipulation and order to extend the deadlines and trial date, stating that a continuance is necessary in light of the new count in the Second Superseding Indictment.  (ECF No. 79.)  The Court scheduled this matter for trial on February 6, 2024.  (*Id.*)  On August 23, 2023, the

parties filed a fifth joint stipulation and order to extend the deadlines and trial date, advising that a separate case in which counsel for both parties are involved was already scheduled for trial during that time.  (ECF No. 83.)  The matter is now set for trial on May 14, 2024.  (*Id.*)

Parties' Arguments – Speedy Trial

Defendant seeks to dismiss Counts I-IV, with prejudice, arguing: (1) his statutory right to a speedy trial has been violated under the Speedy Trial Act, as the Government's previous motion to continue the trial was for tactical purposes, not discovery reasons, (*see* ECF No. 78 at PageID. 580-81); (2) his constitutional right to a speedy trial under the Sixth Amendment has been violated (*see id.* at PageID. 583); and (3) dismissal pursuant to Federal Rule of Criminal Procedure 48 is appropriate where, as here, there has been unnecessary delay in bringing the Defendant to trial (*see id.* at PageID. 587-88)

The Government argues that the Court considered, and rejected, these same arguments when the Court ruled on the Government's Motion to Continue Trial Date and Find Excludable Delay.  (ECF No. 82 at PageID. 635.)  The Government further argues that the only new argument Defendant raises, with regard to the Government misrepresenting the status of discovery resulting in delay for tactical purposes, is untrue.  (*Id.* at PageID. 645.)

<u>Parties' Arguments – Prosecutorial Vindictiveness</u>

Defendant argues that Count V should be dismissed because he has been subject to a vindictive prosecution.  (ECF No. 76.)  He argues that the Government brought Count V in response to him rejecting the Government's plea offer and asserting his right to trial.  (*Id.* at PageID. 557.)

Specifically, he argues that: (1) the timing of the Second Superseding Indictment is objective evidence of vindictiveness as the Government uncovered no new evidence between May 16, 2023, the expected trial date and June 13, 2023, the date of the Second Superseding indictment, (*see id.* at PageID. 562-65); (2) the Second Superseding Indictment increases the maximum sentence by five years, (*see id.* at PageID. 565); (3) his alleged co-conspirators were never charged with an 18 U.S.C. § 371 kickback conspiracy, which is evidence of vindictiveness, (*see id.*); (4) the Government seeks to deter trials in favor of plea bargains as "it would be impossible to try these cases if even half of the defendants asserted their speedy trial rights," (*see id.* at PageID. 566); and (5) the Government's conduct of seeking to introduce his gambling activity through a motion *in limine* is unreasonable, (*see id.* at PageID. 567).

The Government responds by arguing that: (1) Count V is not vindictive as it is the result of information not previously available, including co-defendant Maki accepting the Government's plea offer, and interviews with Defendant's colleague,

Dr. Emilio Limchoa, where Defendant allegedly asked Dr. Limchao if he would like to make extra money by writing prescriptions to be filled at a specific pharmacy (*see* ECF No. 80 at PageID. 599-600); (2) if a new charge increasing the potential maximum penalty was unreasonable conduct, the Government could never supersede any indictment, (*see id.* at PageID. 609); (3) prosecutors have discretion in charging decisions as it relates to Defendant and his co-conspirators, (*see id.* at PageID. 611); (4) the assertion that the Government seeks to deter trials for resource purposes is a speculative notion of hypothetical stakes, (*see id*. at PageID. 606); and (5) its motion *in limine* to introduce evidence of Defendant's gambling is routine and not unreasonable (*see id.* at PageID. 609.)

### III.   LEGAL ANALYSIS

<u>Speedy Trial</u>

### A. <u>*Federal Rule of Criminal Procedure 48*</u>

Federal Rule of Criminal Procedure 48 provides that "[t]he court may dismiss an indictment . . . if unnecessary delay occurs in . . . bringing a defendant to trial."  Fed. R. Crim. P. 48(b)(3).  "This provision not only allows a court to dismiss an indictment on constitutional grounds, but it also restates the court's inherent power to dismiss an indictment for lack of prosecution where the delay is not of a constitutional magnitude."  *United States v. Wimberly*, 250 F. Supp. 2d 738, 747 (E.D. Mich. 2003) (quoting *United States v. Goodson*, 204 F.3d 508, 513

(4th Cir. 2000)). "To analyze claims under Rule 48(b), courts have applied the four factors identified in *Barker v. Wingo* for the analysis of speedy trial claims under the Sixth Amendment." *Id.*

### B. *The Sixth Amendment*

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy public trial." U.S. Const. amend. VI. "The remedy for a Sixth Amendment speedy-trial violation is dismissal with prejudice." *United States v. Sutton*, 862 F.3d 547, 554 (6th Cir. 2017) (citing *United States v. Jackson*, 473 F.3d 660, 664 (6th Cir. 2007)).

A court is to consider the following four factors when a defendant makes a claim that his right to a speedy trial under the Sixth Amendment has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). These are commonly known as the *Barker* factors. "No one factor is determinative; rather, they are related factors which must be considered together with such other circumstances as may be relevant." *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006) (citing *Barker*, 407 U.S. at 533).

### i. *Length of Delay*

"The first factor is a threshold requirement." *United States v. Williams*, 753 F.3d 626, 632 (6th Cir. 2014) (citing *Barker*, 407 U.S. at 530. "If the length of the

delay is not uncommonly long, then the judicial examination ends.  Conversely, a delay of one year or more is considered 'presumptively prejudicial' and, as such, satisfies the first *Barker* factor, triggering examination of the remaining three."  *Id.* (citing *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006)).  Moreover, "in calculating the length of delay, only those periods of delay attributable to the government or the court are relevant to [Defendant]'s constitutional claim." *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000) (alteration added); *see also Barker*, 407 U.S. at 529 ("We hardly need to add that if delay is attributable to the defendant, then his waiver may be given effect under the standard waiver doctrine.").

In examining the delay, only one period of delay is attributable to the Government—the three-month period between May 16, 2023, and August 22, 2023—as the Government sought a continuance of the May 16, 2023, trial date for electronic discovery purposes, which the Court granted.  (ECF No. 70.)  All other delays were stipulated to by Defendant or related to COVID-19.  The Sixth Circuit has treated COVID-19 related delays "as a valid reason that [] weighs against the defendants (or at least as a neutral reason that favors neither party)."  *United States v. Allen*, 86 F.4th 295, 305 (6th Cir. 2023) (alteration added).  As a result of the delay being only three months, this factor weighs against the Defendant.  The Court, however, will examine the remaining factors.

10

ii.   *Reason for Delay*

"Courts assign 'different weights . . . to different reasons' for the government's delay."  *United States v. Ferreira*, 665 F.3d 701, 705 (6th Cir. 2011) (omission in original) (quoting *Barker*, 407 U.S. at 531).  "Governmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while neutral reasons such as negligence are weighted less heavily, and valid reasons for a delay weigh in favor of the government."  *Robinson*, 455 F.3d at 607 (citing *Barker*, 407 U.S. at 531).

As previously noted, the Sixth Circuit has held that COVID-19 delays weigh against defendants or as neutral against neither party.  *Allen*, 86 F.4th at 305. "That conclusion is especially fitting in this case because both the government and [Defendant's] lawyers jointly agreed to these pandemic-related continuances."  *Id.* (alteration added).

Much of these delays can be attributed to concerns related to COVID-19. The parties twice stipulated to an extension of deadlines in the Court's scheduling order, postponing the original trial date of June 28, 2022, to January 25, 2023. (*See* ECF Nos. 41, 45.)  Thereafter, citing the plea discussions, the parties again stipulated to a postponement of the Court's deadlines, further postponing the trial from January 25, 2023, to May 16, 2023.  (*See* ECF No. 56.)

While the Government moved for one continuance to allow for the completion of electronic discovery, which the Court granted (*see* ECF No. 70), the Government filed the Second Superseding Indictment on June 13, 2023, and was prepared for trial on August 22, 2023.  (*See* ECF No. 81 at PageID. 617.)  The parties then jointly moved for another continuance to allow Defendant to prepare for trial in light of the new indictment.  (*See* ECF No. 79.)  The parties then jointly moved for another continuance due to a scheduling conflict.  (ECF No. 83.)  In total, four of the five extensions were agreed to by Defendant, while the fifth, the Court found good cause due to issues with electronic discovery.

Defendant disputes the Government's purported reasons for the delay as it relates to discovery, arguing that the adjournment for discovery purposes was truly an adjournment for tactical advantage and vindictive prosecution.  (*See* ECF No. 78 at PageID. 583 ("There has been both misconduct and prejudice here—an adjournment for tactical reasons and vindictive prosecution.").)  However, the Court found that these discovery related delays were not made in bad faith.  (*See* ECF No. 70 at PageID. 522.)

Moreover, as the Court explains in its section on Prosecutorial Vindictiveness, the Government's conduct in bringing the Second Superseding Indictment was proper, as it was based on evidence not previously available in the

form of Maki's plea and Defendant's colleague's interview, and not for tactical advantage. This factor also weighs against the Defendant.

### iii. *Defendant's Assertion of His Right*

"When considering whether a defendant has adequately raised a speedy-trial objection, courts consider both how early a defendant has raised this right and how often the defendant has done so." *Allen*, 86 F.4th at 305 (citing *Barker*, 407 U.S. at 531-32). Courts in this Circuit have held that a belated request for a speedy trial "cast[s] doubt on the sincerity of the demand." *United States v. Flowers*, 476 F. App'x 55, 63 (6th Cir. 2012) (alteration in original) (citing *United States v. Brown*, 169 F.3d 344, 350 (6th Cir. 1999)). *See, e.g.*, *Robinson*, 455 F.3d at 608 (finding that fifteen month delay to assert right to speedy trial was not timely); *Flowers*, 476 F. App'x at 63 (finding that a delay of twelve months and arguably seventeen months was not timely).

As mentioned in the preceding section, Defendant agreed to four of the five delays in this matter. Defendant only opposed the Government's motion for a continuance, having file an opposition to the motion on May 1, 2023, approximately twenty months after Defendant was indicted on September 9, 2021. (ECF No. 63.) The Court acknowledges that a portion of that time is attributable to delays related to COVID-19, and the pause in jury trials; however, Defendant contemplated avoiding trial altogether as he and the Government jointly requested

13

a continuance to explore plea negotiations.  (*See* ECF No. 56 at PageID. 321 ("The parties have represented to the Court that this continuance is necessary for both sides to prepare for trial, or, in the alternative, to continue plea negotiations that may resolve this matter.").)

Based on the strength of Defendant's efforts, a single assertion in the form of an opposition to the Government's motion to continue the trial date, twenty months after indictment, in contrast with his joint request with the Government for a continuance to seek a resolution short of trial, there is serious doubt on the sincerity of Defendant's speedy-trial request.  Thus, this factor also weighs against the Defendant.

iv.   *Prejudice to Defendant*

"[W]hen the government has used reasonable diligence to pursue a defendant, the defendant must show that the delay caused 'actual prejudice' to his defense."  *Brown*, 169 F.3d at 350 (alteration added).  Actual prejudice is evaluated with respect to the three purposes of the speedy trial right: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired.  *Id.* (citing *Barker*, 407 U.S. at 532.)  "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."  *Barker*, 407 U.S. at 532.

14

Defendant was indicted on September 9, 2021, and trial is currently set for May 14, 2024.  This results in an overall delay of approximately two years and eight months.  The first factor, to prevent oppressive pretrial incarceration, does not apply as Defendant is not incarcerated pretrial.   (*See* ECF No. 31.)  Turning to the second factor, to minimize anxiety and concern of the accused, Defendant argues that he has suffered considerable anxiety and concern resulting from his indictment.  (*See* ECF No. 78 at PageID. 587.)  Courts give claims of anxiety little weight when a defendant does not timely assert their right to a speedy trial.  *See United States v. Hargrove*, No. 05-80798, 2006 WL 163524, at *6 (E.D. Mich. Jan. 23, 2006) (finding defendant's claims of anxiety and concern had "little credence considering the fact that he made no attempt to assert his speedy trial rights until . . . nine months after the federal complaint was filed").  Defendant did not assert his right to a speedy trial until twenty months after his indictment.  This factor weighs against finding prejudice.

Turning to the third factor, to limit the possibility that the defense will be impaired, "a defendant who cannot demonstrate how his defense was prejudiced with *specificity* will not make out a speedy trial claim no matter how great the ensuing delay."  *United States v. Jones*, 555 F. App'x 485, 489 (6th Cir. 2014) (emphasis in original) (quotation omitted).  "Moreover, this specific prejudice must

be *substantial* prejudice for a defendant to prevail on a speedy-trial claim." *Id.*
(emphasis in original) (quotation omitted).

Defendant does not identify with specificity how the delay caused from the
Second Superseding Indictment diminishes his ability to put forth a defense. His
arguments based on prejudice are generally related to trial preparation in light of a
new indictment. (*See* ECF No. 78 at PageID. 587 (alteration added) ("[Defendant]
has been prejudiced by having to prepare for a different trial from the one
scheduled for May 16, 2023. This new trial involves a new conspiracy charge,
evidence of seven new patients, and a novel gambling-theory motive").)

Prejudice in the speedy-trial context is with respect to the ability to put forth
a defense, such as the ability to locate witnesses and secure evidence. *See, e.g.,*
*United States v. Sylvester*, 330 F. App'x 545, 549 (6th Cir. 2009) (finding accused
failed to show prejudice by death of relative prior to trial who would've provided
exculpatory testimony); *Jones*, 555 F. App'x at 489 (finding that a delay that
caused loss or destruction of documents crucial for defense did not establish
substantial prejudice).

Defendant's allegations that the addition of a new conspiracy count in the
indictment raising a new theory does not show, with specificity, how he has been
substantially prejudiced to put on a defense. "Mere general assertions of prejudice,
based on the effect of the passage of time on the defendant's ability to mount a

16

defense do not amount to 'substantial prejudice.'"  *United States v. Zabawa*, No. 04-80884, 2010 WL 3075044, at *21 (E.D. Mich. July 16, 2010) (citing *United States v. DeClue*, 899 F.2d 1465, 1471 (6th Cir. 1990)); *see also Jones*, 555 F. App'x at 489 (finding generalized assertions of prejudice fails the specificity inquiry).  Defendant has not shown that his delay has resulted in actual prejudice.

Alternatively, a defendant can rely on the presumption of prejudice by showing that the pretrial delay in his case was of sufficient duration to be considered presumptively prejudicial.  *See Brown*, 169 F.3d at 351 (alteration added) (quoting *Doggett v. United States*, 505 U.S. 647, 655 (1992)) ("The Supreme Court has recognized that in some cases, [] 'excessive delay presumptively compromises the reliability of a trial that neither party can prove or, for that matter, identify.'").  When prejudice from delay has been found, the delay has typically been shockingly long.  *See e.g., Doggett*, 505 U.S. at 657 (six years); *Brown*, 169 F.3d at 351 (five-and-one-half years); *United States v. Graham*, 128 F.3d 372, 376 (6th Cir. 1997) (eight years).

Defendant's delay of two years and eight months, most of which was due to the COVID-19 pandemic and with his consent, has not been excessively long to meet this alternative standard of prejudice.

17

In total, all four of the *Barker* factors weigh against finding a violation of Defendant's Sixth Amendment's right to a speedy trial. Dismissal pursuant to Rule 48 is not warranted.

### C. *The Speedy Trial Act*

The Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (the "Act"), requires that a defendant be brought to trial within 70 days of the date of indictment, the date the indictment was unsealed, or the date of the initial appearance, whichever date occurs last. 18 U.S.C. § 3161(c)(1).

The Act contains a number of exclusions that can toll the running of the 70–day period. These excludable periods include "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A) (alterations added). "In order to stop the speedy-trial clock, however, a continuance must be based on a court's 'findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Williams*, 753 F.3d at 634 (quoting 18 U.S.C. § 3161(h)(7)(A)).

 "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). Further, in

determining whether to dismiss a case with prejudice, the Court shall consider: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to dismissal; and (3) the impact of the reprosecution administration of this chapter and on the administration of justice. *United States v. Taylor*, 487 U.S. 326, 333 (1988) (citing 18 U.S.C. § 3162(a)(2)).

Defendant argues that this matter should be dismissed with prejudice as the Court should find that his speedy trial clock began to run on May 16, 2023, and expired on July 25, 2023. (ECF No. 78 at PageID. 581.) He further argues that this finding "should be based on evidence not available on May 8, 2023, when the Court granted the motion to adjourn trial until August 22, 2023." (*Id.*)

Specifically, Defendant argues that dismissal with prejudice is warranted as: (1) he faces prejudice in the form of a having to face additional charges in the superseding indictment; (2) the Government's adjournment was not for discovery purposes but for tactical purposes, to bring the Second Superseding Indictment; (3) the adjournment was to bring a vindictive prosecution; and (4) allowing reprosecution would negatively impact the administration of justice. (*Id.* at PageID. 581-82.)

As an initial matter, Defendant's speedy trial clock did not begin to run on May 16, 2023, because the Court found good cause to continue the trial date as the continuance was not for tactical purposes. Dismissal is not warranted as there has

been no violation of the Act.  Defendant's speedy trial clock has not begun to run as he stipulated to the excludable time periods, pursuant to 18 U.S.C. § 3161(h)(7), based on COVID-19 concerns, plea discussions, trial preparation, and scheduling conflicts.  (*See* ECF No. 41 at PageID. 156-57 (period between June 28, 2022, and November 29, 2022, qualifies as excludable delay under § 3161(h)(7) due to COVID-19 concerns); ECF No. 45 at PageID. 168-69 (period between November 29, 2022, and January 25, 2023, qualifies as excludable delay under § 3161(h)(7) due to COVID-19 concerns); ECF No. 56 at PageID. 320-21 (period between January 25, 2023, and May 16, 2023, qualifies as excludable delay under § 3161(h)(7) due to plea discussions); ECF No. 79 at PageID. 594-95 (period between August 22, 2023, and February 6, 2024, qualifies as excludable delay under § 3161(h)(7) to prepare for trial as a result of new charge added in the Second Superseding Indictment); ECF No. 83 at PageID. 658 (period between February 6, 2024, and May 14, 2024, qualifies as excludable delay under § 3161(h)(7) to accommodate a separate trial for which counsel for both parties are involved)).

Defendant's speedy trial clock would have begun to run on the date of his initial appearance, October 7, 2021.  (*See* ECF No. 29.)  However, in its previous order, the Court held:

> [T]he time from October 7, 2021, through August 22, 2023, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. §

3161(h)(7) as to defendant Eduardo Abellana, because the Court finds
that the ends of justice was served by the granting of the continuances,
for reasons that outweighed the best interests of the public and both
defendants in a speedy trial.

(ECF No. 70 at PageID. 523.)  Further, Maki moved to exclude the period

between October 7, 2021, and June 28, 2022, for COVID-19 concerns.  (*See* ECF

No. 28.)  As noted above, once Defendant was indicted as a co-defendant with

Maki, the excludable time which applied to Maki for COVID-19 concerns also

applied to Defendant.  (*See* ECF No. 70 at PageID. 521 (alterations added) ("Once

[Defendant] became a co-defendant with Mr. Maki, [Defendant] became subjected

to the existing excludable delay already found in this matter for purposes of the

Speedy Trial Act.").)  Therefore, the period between October 7, 2021 and June 28,

2022 is excluded for Speedy Trial purposes.

Moreover, the period between May 16, 2023, and August 22, 2023, was

excluded for discovery purposes.  (*See id.* at PageID. 523 (alteration added) ("The

ends of justice are served by granting this continuance in that [c]ounsel for the

government and the Defendant need adequate time to review the subject discovery

materials in order to fulfill their respective obligations under applicable law.").)

As a result, Defendant's speedy trial clock has not begun to run and there has been

no violation of the Speedy Trial Act.

Defendant has failed to establish a violation of his right to a speedy trial

under both the Sixth Amendment and the Speedy Trial Act.  Defendant's motion to

dismiss Counts I–IV of the Second Superseding Indictment for violations of his speedy trial rights (ECF No. 78) is denied.

## Prosecutorial Vindictiveness

Due process prohibits a prosecutor from retaliating against an individual because that individual exercised a statutory or constitutional right. *United States v. Moon*, 513 F.3d 527, 535 (6th Cir. 2008). The Sixth Circuit has discussed prosecutorial vindictiveness claims as follows:

> There are two approaches to showing prosecutorial vindictiveness: A defendant can show "actual vindictiveness," by producing "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights," or the Court can find a presumption of vindictiveness by applying the "realistic likelihood of vindictiveness," standard which focuses on the prosecutor's "stake" in deterring the exercise of a protected right and the unreasonableness of his actions.

*United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005) (citing *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003)). "Attempting to show actual vindictiveness has been characterized as 'exceedingly difficult' and an 'onerous burden.'" *Dupree*, 323 F.3d at 489 (quoting *Bragan v. Poindexter*, 249 F.3d 476, 481, 483 (6th Cir. 2001)).

Defendant argues that there is evidence of both actual and presumptive vindictiveness. (*See* ECF No. 76 at PageID. 562 ("[T]here is objective evidence sufficient to establish actual prejudice. Alternatively, the record is sufficient for this Court to presume an improper motive.").)

Specifically, as mentioned *supra*, Defendant argues that: (1) the timing of the Second Superseding Indictment is objective evidence of vindictiveness as the Government uncovered no new evidence between May 16, 2023, the expected trial date and June 13, 2023, the date of the Second Superseding indictment, (*see id.* at PageID. 562-65); (2) the Second Superseding Indictment increases the maximum sentence by five years, (*see id.* at PageID. 565); (3) his alleged co-conspirators were never charged with an 18 U.S.C. § 371 kickback conspiracy, which is evidence of vindictiveness, (*see id.*); (4) the Government seeks to deter trials in favor of plea bargains as "it would be impossible to try these cases if even half of the defendants asserted their speedy trial rights," (*see id.* at PageID. 566); and (5) the Government's conduct of seeking to introduce his gambling activity through a motion *in limine* is unreasonable, (*see id.* at PageID. 567).

The Court will address Defendant's claims under both the "actual vindictiveness" and "presumption of vindictiveness" standards.

1. Actual Vindictiveness

First, Defendant argues that no new evidence was uncovered between the proposed May 16, 2023, trial date and the June 13, 2023, Second Superseding Indictment.  (*See id.* at PageID. 565.)

The Government argues that it did not bring the superseding indictment earlier because the parties were involved in plea discussions, and it only obtained

the information necessary to support Count V after co-defendant Maki's plea and an interview with Defendant's colleague.  (ECF No. 80 at PageID. 599-600 ("The admissions included in Maki's plea agreement supported the Defendant's proposed kickback conspiracy charge.").)

Specifically, the Government argues that Defendant rejected its plea offer on April 19, 2023, six days before the April 25, 2023, final pretrial conference.  (*Id.* at PageID. 600.)  At the conference, the Government advised that there were issues with electronic discovery that would delay the trial.  The next day, the Government moved for a continuance, which the Court granted.  (ECF No. 70.)

Defendant argues that "[t]he government did not need Maki to make the new kickback conspiracy charge," and "the evidence concerning Limchoa is outside the scope of the charged (and newly charged) conspiracies."  (ECF No. 84 at PageID. 661.)

Viewing the allegations in the light most favorable to the Government, which the Court is required to due on a motion to dismiss pursuant to Rule 12 of the Federal Rules of Criminal Procedure, it did not have the evidence to support Count V until after Maki's plea and the interview with Defendant's colleague.  Maki pled guilty on January 10, 2023.  (ECF No. 53)  Defendant's colleague, Dr. Limchoa, was interviewed twice on January 10, 2023, and January 12, 2023.  (ECF

No. 80 at PageID 599 n.3.)  The parties stipulated to an adjournment to explore plea discussions on January 19, 2023.  (ECF No. 56.)

While Defendant is correct, the Government did not obtain the new information between the scheduled May 16, 2023, trial date and June 13, 2023, the date of the Second Superseding Indictment, the Government had this information prior to the final pretrial conference and superseded the indictment after Defendant rejected the plea offer and asserted his right to trial.  This is not objective evidence of vindictiveness.  *See United States v. Gravley*, 587 F. App'x. 899, 918–19 (6th Cir. 2014) (stating that "so long as the Government engages a defendant in 'the give-and-take' compromise through which he can negotiate a benefit, it does not violate the defendant's constitutional rights" by bringing additional charges after plea negotiations fail).  The Sixth Circuit has held that:

> A prosecutor who adds on extra charges after the exercise of a procedural right is arguably acting less vindictively than a prosecutor who substitutes a more severe charge for a less severe one. In the first situation, a prosecutor might well have made an honest mistake but, in the second situation, the prosecutor will have already exercised his discretion, and the probability that the prosecutor acted vindictively is higher.

*United States v. LaDeau*, 734 F.3d 561, 570 (6th Cir. 2013) (alteration omitted) (citing *United States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980)).  Where, as here, the Government discovers new information, and then engages in

plea discussions with Defendant, it is not objective evidence of vindictiveness to supersede the indictment based on the new information if plea discussions fail.

With respect to Defendant's second and third arguments—Count V raising Defendant's maximum sentence and Defendant's alleged co-conspirators not being charged in violation of 18 U.S.C. § 371—the Government argues that: (1) if increasing a defendant's potential sentence was unreasonable conduct demonstrating vindictiveness, it could never supersede to add a charge that carried the risk of a longer sentence; and (2) it has discretion in what charges to bring against which party. (ECF No. 80 at PageID. 609, 611.)

Starting with Defendant's second argument, harsher charges being filed after failed plea negotiations is not evidence of vindictiveness. The Government is permitted to supersede an indictment with harsher charges after failed plea negotiations. *See LaDeau*, 734 F.3d at 569 (alteration added) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363-65 (1978)) ("[T]he Supreme Court long ago adopted the position that the prosecution may legitimately threaten to bring harsher charges in order to induce a defendant into pleading guilty, despite the fact that the harsher charges, if brought, might appear to penalize a defendant for exercising his right to trial.").

Turning to his third argument, Defendant argues that his alleged co-conspirators were not charged with this conspiracy count because they elected to

accept the Government's plea offers and did not assert their speedy trial rights. (*See* ECF No. 76 at PageID. 565 ("[Defendant's] alleged co-conspirators, who did not exercise these rights (Maki and Abdallah), were never charged with an 18 U.S.C. §371 kickback conspiracy.").)

Prosecutors have broad discretion in their charging decisions. However, "[t]he broad discretion accorded to prosecutors in deciding whom to prosecute is not 'unfettered,' and a decision to prosecute may not be deliberately based upon the exercise of protected statutory rights." *Poindexter*, 294 F.3d at 481 (alteration added) (quoting *United States v. Adams*, 870 F.2d 1140, 1145 (6th Cir. 1989)). The Supreme Court has held that:

> In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation" so long as "the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification."

*Bordenkircher*, 434 U.S. at 364 (alteration in original) (footnote omitted) (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)).

The Second Superseding Indictment charging Defendant with a new conspiracy charge, which was not brought against alleged co-conspirators, is within the prosecutor's discretion and not objective evidence of vindictiveness.

*See Gravley*, 587 F. App'x. at 919 ("Prosecutors have 'broad discretion' in deciding whom to prosecute and which charges to bring.").  Moreover, the new charge was based on evidence from his co-conspirator's guilty plea that became available shortly before the parties engaged in plea discussions.

Fourth, with respect to Defendant's argument that the Government has a resource-based interest in deterring the exercise of a speedy trials, and negotiating plea bargains, he provides no legal support for this argument.  (*See* ECF No. 76 at PageID. 567 (alteration added) ("From the government's perspective, [Defendant]'s assertion of speedy trial rights could cause an unmanageable forest fire if it is not quelled and spreads to other defendants.").

Further, the Sixth Circuit has "indicated that the prosecution's stake in seeking to avoid trial is implicit in the plea bargaining process, and therefore, cannot be vindictive under *Bordenkircher*."  *United States v. Booher*, 528 F. Supp. 3d 840, 846-47 (E.D. Tenn. 2021) (citing *United States v. Suarez*, 263 F.3d 468, 480 (6th Cir. 2001), *cert. den.* 535 U.S. 991 (2002)).  As a result, this is not evidence of actual or presumptive vindictiveness.

Fifth, Defendant argues that the Government's conduct of seeking to introduce evidence of his gambling through a motion *in limine* is unreasonable. Similar to his previous argument, Defendant provides no legal support for this assertion, nor has he filed a response to the Government's motion.  (ECF No. 76 at

PageID. 567 (alteration added) ("This is not a money laundering case. There is no evidence linking kickbacks to gambling activity. [Defendant] should not have to spend the time moving to exclude this evidence from trial.").)  The Government argues that its motion *in limine* is a routine pretrial motion.  (ECF No. 80 at PageID. 609.)

Motions *in limine* promote "evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose."  *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).  "A ruling on a motion is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court."  *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  A court may therefore alter its ruling during trial.  *See Luce v. United States*, 469 U.S. 38, 41-42 (1984).

Because rulings on motions *in limine* are based on the applicable Rules of Evidence, and are discretionary, filing a motion cannot be "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights."  *Poindexter*, 249 F.3d at 481.

As a result, Defendant has failed to establish actual vindictiveness.  The Court will now examine these arguments under the "presumption of vindictiveness" standard.

29

2.  Presumption of Vindictiveness

To prevail on a claim prosecutorial vindictiveness based on the presumptive approach, "a defendant must demonstrate: '(1) the exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; and (4) the intent to punish the defendant for exercise of the protected right.'" *United States v. Goff*, 400 F. App'x 1, 23 (6th Cir. 2010) (alterations omitted) (quoting *Suarez*, 263 F.3d at 479).

"Presumably, if the first three elements are present, this may help establish grounds to believe the fourth is present, that there is the required 'realistic likelihood of vindictiveness,' which the government would have to rebut." *Suarez*, 263 F.3d at 479 (quoting *Poindexter*, 249 F.3d at 481-82).  However, if the charges are brought as a result of the break down in the plea bargaining process, they are not vindicative. *See id.* (citing *Andrews*, 633 F.2d at 456).  Defendant has failed to meet each of these elements under the presumptive approach.

i.   *Defendant's Exercise of a Protected Right*

"Under the first prong, the Sixth Circuit has held that a defendant must show more than that he chose not to accept a plea bargain and instead asserted his right to trial." *Booher*, 528 F.3d at 846.  *See Suarez*, 263 F.3d at 479 (finding this element satisfied where additional charges came in response to defendant's motion to suppress and motion to dismiss).

Defendant's first argument that the Second Superseding Indictment is the result of fruitless plea discussions and his assertion of his right to a speedy trial does not satisfy this standard.  (*See* ECF No. 76 at PageID. 565-66 (alterations added) ("[C]ount five was added only after [Defendant] asserted his speedy trial rights.").)  More is required than a defendant's assertion of their right to trial.  "Although the right to a trial by a jury of one's peers is a highly protected right, asserting this right by rejecting a plea bargain is not enough to provide evidence of an improper motive on the part of the prosecution."  *Suarez*, 263 F.3d at 480.

Moreover, "the mere presence of a superseding indictment bringing additional charges is not sufficient to be presumptively unreasonable."  *Id.* (citing *United States v. Goodwin*, 457 U.S. 368, 380 (1982)).  "If the prosecution can show that the additional charges were not brought earlier because they were based on new evidence, it will successfully rebut a showing of vindictiveness."  *Id.*

Here, the Government obtained new evidence to support the new conspiracy charge and then, one week later, engaged in plea discussions with Defendant prior to filing the Second Superseding Indictment.  The new charge was based on the newly discovered evidence.  Thus, the Government has successfully rebutted a showing of vindictiveness.  Defendant fails to establish a presumption of vindictiveness on this element.

Defendant's second argument that the Second Superseding Indictment raises the maximum penalty by five years also does not establish a presumption of vindictiveness. "[T]he Supreme Court has declined to adopt a presumption of vindictiveness when the government seeks to enhance a defendant's sentence in response to a defendant's decision to proceed to trial." *United States v. Sills*, 692 F. Supp. 2d 792, 803 (E.D. Mich. 2010) (alteration added) (citing *Goodwin*, 457 U.S. at 384).

Defendant's third argument that his prosecution is vindictive because alleged co-conspirators were not charged with a conspiracy fails for the same reasons set forth in the Court's analysis of "actual vindictiveness." The Government has broad discretion in its plea negotiations and charging decisions. It is not vindictive to bring charges after the breakdown of plea discussions. *See LaDeau*, 734 F.3d at 569 (alteration added) (quoting *Goodwin*, 457 U.S. at 378) ("[I]ncreased charges resulting from the breakdown of the plea bargain process are not deemed vindictive, regardless of the fact that the prosecutor's goal is 'to persuade the defendant to forgo his constitutional right to stand trial.'").

Defendant has failed to establish that the assertion of his right to speedy trial results in a presumption of vindictiveness.

32

ii.   *Prosecutorial Stake in the Exercise of the Protected Right*

Defendant does not show the prosecutor has any stake in proceeding to trial or negotiating a plea bargain.  Defendant's fourth argument, the Government has a resource-based interest in deterring the exercise of speedy trials, and negotiating plea bargains, fails for the same reasons set forth in the Court's analysis on "actual vindictiveness."

The Government seeking to negotiate a plea bargain, and a superseding indictment, based on newly discovered evidence, resulting from the breakdown of negotiations, is neither actually nor presumptively vindictive.  *See United States v. Dimora*, No. 1:10-387, 2012 WL 78157, at *4 (N.D. Ohio Jan. 9, 2012) (alteration added) (citing *Suarez*, 263 F.3d at 479) ("[C]ourts have been reluctant to find presumptive vindictiveness in the pretrial setting where additional or more severe charges follow a defendant's decision to seek a jury trial."); *see also Booher*, 528 F. Supp. 3d at 846-47 (explaining that "seeking to avoid trial is implicit in the plea bargaining process, and therefore, cannot be vindictive under *Bordenkircher*").

iii.   *Unreasonableness of the Prosecutor's Conduct*

With respect to the third element—the unreasonableness of the prosecutor's conduct—Defendant argues that: (1) the Government's conduct of bringing the Second Superseding Indictment after asking for an adjournment; and (2) seeking to

introduce evidence of Defendant's gambling in a motion *in limine*, are unreasonable. (*See* ECF No. 76 at PageID. 567.)

For the reasons set forth in the Court's analysis of "actual vindictiveness," the Government's conduct was not unreasonable, as the additional conspiracy count was brought after plea discussions with Defendant failed and was based on new evidence, namely, the co-conspirator's plea and interviews with his colleague. Similarly, rulings on motions *in limine* are advisory, made in the Court's discretion, and based on the Rules of Evidence, and are not presumptively vindictive or imply an improper motive. Defendant has failed to establish that the prosecutor's conduct has been unreasonable.

iv.   <u>*Intent to Punish*</u>

Defendant has failed to establish the first three elements to support a finding of presumption of vindictiveness. He, similarly, cannot establish the fourth element—intent to punish. *See Suarez*, 263 F.3d at 479 (explaining that if the first three elements are present, that would help establish the fourth element). As a result, Defendant has failed to establish the Government's conduct was done with the intent to punish Defendant for exercising his right to a speedy trial or was presumptively vindictive.

Thus, Defendant is not entitled to dismissal of Count V as he has established neither actual nor presumptive vindictiveness in his prosecution.

## IV.    CONCLUSION

For the reasons set forth above, the Court holds that Defendant's right to a speedy trial under the Sixth Amendment and the Speedy Trial Act have not been violated.  Further, there is no evidence of actual or presumptive vindictiveness in his prosecution.  Therefore, he is not entitled to dismissal of any of the Counts of the Second Superseding Indictment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions to Dismiss (ECF Nos. 76, 78) are **DENIED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: April 29, 2024